1 | FRANKLIN SOTO LEEDS LLP
2 | Joshua D. Franklin, SBN 264536
jfranklin@fsl.law
3 | Cheryl Dunn Soto, SBN 250892
4 | csoto@fsl.law
Paul J. Leeds, SBN 214309
5 | pleeds@fsl.law
6 | 444 West C Street, Suite 300
San Diego, California 92101
7 | 619.872.2520
8
9 | *Attorneys for Defendants and Counterclaimants*
*Shaya Medical P.C. Inc. and Wissam Shaya, M.D.*
10
UNITED STATES DISTRICT COURT
11
CENTRAL DISTRICT OF CALIFORNIA
12

13 | BALBOA CAPITAL CORPORATION, | Case No. 8:21-cv-00831- CJC-JDE
a California Corporation,
14
15 |                Plaintiff, | **DEFENDANTS AND**
**COUNTERCLAIMANTS' <u>OPPOSED</u>**
16 | vs. | **NOTICE OF *EX PARTE***
**APPLICATION AND *EX PARTE***
17 | SHAYA MEDICAL P.C. INC., a Florida | **APPLICATION TO EXTEND**
corporation; WISSAM SHAYA, an | **DISCOVERY DEADLINE FOR**
18 | individual; and DOES 1 through 10, | **LIMITED PURPOSE**
19 | inclusive,
20 |                Defendants. | Magistrate Judge: Hon. John D. Early
21 | _____
22
And Related Counterclaims.
23
24
25
26
27
28

1  **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**
2  **RECORD:**

3        PLEASE TAKE NOTICE that, pursuant to Local Rule 7.1(f), Defendants and
4  Counterclaimants Wissam Shaya, M.D., and, Shaya Medical Group P.C., Inc.
5  ("Shaya Medical") (collectively referred to as "Shaya Parties"), hereby bring this Ex
6  Parte Application to Extend Discovery Deadline for Limited Purpose and move the
7  Honorable Magistrate Judge John D. Early for an order allowing the Shaya Parties to
8  conduct the deposition of nonparty Cynosure, LLC after the June 16, 2022 discovery
9  cut-off deadline in this case, contingent upon the denial, in whole or part, of a Motion
10 to Quash Deposition Subpoena and for Protective Order filed by nonparty Cynosure,
11 LLC in a miscellaneous case filed in United State District Court, District of
12 Massachusetts which bears the caption *Cynosure, LLC v. Shaya Medical P.C. Inc and*
13 *Wissam Shaya* and which has been assigned Case No. 22-mc-91275.

14        PLEASE TAKE FURTHER NOTICE that this motion is based on this Notice of
15 *Ex Parte* Application and accompanying Memorandum of Points and Authorities, the
16 supporting declarations of Cheryl Dunn Soto and the exhibits attached thereto, the
17 pleadings and papers filed in this action, and upon such further briefing, authorities, and
18 argument submitted to the Court prior to or during any hearing on this matter.

19        This motion is made following the conference of counsel pursuant to L.R. 7-
20 19.1, which took place on June 7, 2022.

21 Dated:  June 15, 2022

22                                          FRANKLIN SOTO LEEDS LLP

23                                          /s/ Cheryl Dunn Soto
24                                          Joshua D. Franklin
                                            Cheryl Dunn Soto
25                                          Paul J. Leeds

26
27                                          *Attorneys for Defendants and*
                                            *Counterclaimants Shaya Medical P.C. Inc.*
28                                          *and Wissam Shaya, M.D.*

---

*EX PARTE* APPLICATION TO EXTEND DISCOVERY DEADLINE FOR LIMITED PURPOSE

## MEMORANDUM OF POINTS AND AUTHORITIES

The Shaya Parties' main defense to Balboa's claims is that the Equipment Balboa Finance Agreement ("EFA") that is the subject of those claims is unconscionable.  Balboa has asserted that whether Dr. Shaya had a realistic opportunity to finance his purchase of a Cynosure SculpSure device through means other than the EFA – when the EFA was presented to Dr. Shaya by a Cynosure representative – is a factor that must be considered in an unconscionability analysis. Cynosure LLC ("Cynosure"), the manufacturer of the device, which is not a party to this case, is in a unique position to address that issue, and, of course, Cynosure is the only entity that can authenticate the documents it previously produced pursuant to a subpoena for documents – some of which were not produced by others.  Taking Cynosure's deposition is particularly important here because Cynosure is beyond the Court's subpoena power for trial and, therefore, Cynosure's testimony can only be presented by way of its deposition testimony.  *See* Fed. R. Civ. P. 32(a)(4)(B) (establishing independent exception to the hearsay rule for depositions of witnesses more than 100 miles from the place of trial); Declaration of Cheryl Dunn Soto, ¶ 19.)

The discovery deadline in this case is June 16, 2020.  Although the Shaya Parties waited until May to schedule Cynosure's deposition, they had good reason for doing so.  The Shaya Parties did not want to take the deposition of nonparties Cynosure and MMP Capital, Inc. ("MMP"), the finance broker, until they knew they had received all documents from Balboa to which they were entitled.  *Id.*, ¶ 3.  To this end, the undersigned sent Balboa's counsel meet-and-confer correspondence dated March 17, 2022, but it was not until <u>April 22, 2022</u> that Balboa produced an additional document (relevant to the deposition of MMP) and represented that it was not withholding any documents responsive to the discovery requests that were the subject of the parties' meet and confer efforts.  *Id.,* ¶¶ 4-5.

In the meantime, Balboa filed a motion for summary judgment on <u>April 8, 2022</u>.  Because the amount at issue in this case militates against incurring

1  unnecessary fees and costs and because the Shaya Parties knew that, realistically,

2  there was not enough time to both prepare for and depose these nonparties and

3  oppose the pending motion for summary judgment, the Shaya Parties decided to wait

4  to incur the fees and costs associated with deposing Cynosure and MMP until the

5  Court ruled on Balboa's motion for summary judgment  because the Court's ruling

6  could have mooted the need to take those depositions.  *Id.,* ¶ 5.

7          The Court denied Balboa's motion on May 5, 2022, and the Shaya Parties

8  proceeded to schedule Cynosure's and MMP's deposition.  *Id.,* ¶¶ 7-11. MMP's

9  deposition was held remotely on June 9, 2022 and was completed within

10  approximately 3 hours.  *Id.,* ¶ 20.  Cynosure's deposition was scheduled for June 8

11  but did not proceed as scheduled because Cynosure's counsel informed the

12  undersigned on June 3, 2022 that Cynosure would be filing a motion to quash.  *Id.,*

13  ¶13.  Subsequently, Cynosure and the Shaya Parties agreed that Cynosure would

14  timely produce a 30(b)(6) witness for a future deposition if (1) the motion to quash is

15  denied in whole or in part and (2) this Court grants the present motion.  *Id.,* ¶ 18.

16          Cynosure filed its motion to quash in the United States District Court for the

17  District of Massachusetts on June 7, 2022.  *Id.,* ¶ 17.  Cynosure moves to quash the

18  subpoena on the grounds that the "the discovery sought through the deposition is

19  irrelevant, overly broad and unduly burdensome, and seeks information that is more

20  readily obtained through other, less burdensome means."  *Id.,* ¶ 17 & **Exhibit B**.  The

21  undersigned has calculated that the Shaya Parties' response is due on June 21, 2020,

22  and intends to file an opposition to the motion on that date unless a later time is

23  allowed.  Therefore, it is anticipated a ruling from the court will be rendered in the

24  next several weeks.

25          The notice of Rule 30(b)(6) deposition accompanying the subpoena lists 14

26  narrowly drawn topics focusing on (1) Cynosure's knowledge of and involvement

27  with the financing that was offered to Shaya Medical and Dr. Shaya for the purchase

28  of a Cynosure SculpSure device; (2) communications between Cynosure and the

1   broker, MMP, related to Dr. Shaya's purchase; (3) agreements and course of conduct

2   between Cynosure and MMP in 2019 (the year the Balboa Equipment Finance

3   Agreement was executed); and (4) the documents produced by Cynosure in this

4   litigation (including documents not produced by other parties) and the authentication

5   of such documents.  *Id*., ¶11 & **Exhibit A**.  Importantly, the undersigned specifically

6   represented to Cynosure's counsel that this remote deposition of Cynosure was not

7   anticipated to last more than a couple of hours.  *Id.,* ¶ 13.  And such an estimate is

8   consistent with the fact that MMP's deposition was concluded within three hours, and

9   the undersigned has less questions to ask Cynosure.  *Id.,* ¶ 20.  Thus, the Shaya

10  Parties are confident Cynosure's motion to quash the subpoena is not well-taken and

11  that the United States District Court for the District of Massachusetts will deny the

12  motion to quash in whole or in part.  Counsel for Cynosure has agreed to timely

13  produce Cynosure for a remote deposition in that event.

14          Finally, Balboa did not state its intent to depose the Shaya Parties until May 26,

15  2022, and Dr. Shaya's deposition was conducted on June 13, 2022.  *Id.,* ¶ 21.

16  Therefore, Balboa has no basis for complaining that the Shaya Parties were not

17  diligent.

18          In light of the foregoing, the Shaya Parties ask the Court to find good cause for

19  modifying the Scheduling Order so as to allow the deposition of nonparty Cynosure

20  to be taken after the June 16, 2022 deadline in the event Cynosure's motion to quash

21  is denied in whole or in part.  *See* Fed. R. Civ. P. 16(b); *Sharp v. Covenant Care LLC*,

22  288 F.R.D. 465, 467 (S.D. Cal. Sept. 21, 2012) ("Good cause may be found where the

23  movant shows "it is unable to comply with the scheduling order's deadlines due to

24  matters not reasonably foreseeable at the time the scheduling order issued, and that it

25  was diligent in seeking a modification once it became apparent it could not comply

26  with the scheduling order.") (citing *Jackson*, 186 F.R.D. at 608); Fed. R. Civ. P. 16,

27  Advisory Committee's Notes (1983 Amendment); *Fid. Nat. Fin., Inc. v. Nat'l Union*

28  *Fire Ins. Co. of Pittsburgh, Pa*, 308 F.R.D. 649, 652 (S.D. Cal. July 24, 2015) (same).

**I.    CONCLUSION**

For the reasons set forth above, the Shaya Parties respectfully ask the Court to grant its ex parte application and extend the discovery deadline for the limited purposes of conducting the deposition of nonparty Cynosure, LLC., subject to the ruling on the pending Motion to Quash Deposition Subpoena and for Protective Order.

Dated:  June 15, 2022

FRANKLIN SOTO LEEDS LLP

/s/ Cheryl Dunn Soto
Joshua D. Franklin
Cheryl Dunn Soto
Paul J. Leeds

*Attorneys for Defendants and
Counterclaimants Shaya Medical P.C. Inc.
and Wissam Shaya, M.D.*